RUSSELL et al. v. RHONE. (No. 1404.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 4, 1915.)

EVIDENCE  ⬤➡264—ADMISSIONS—FORCE AND EFFECT.

In an action on a note, where defendant, to secure the privilege of opening and closing, admitted the cause of action stated in the petition, except in so far as it might be defeated by the plea in reconvention, such admission carried with it proof of all of the facts essential to support a recovery for the full amount of the note, with interest and attorney's fees.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1028; Dec. Dig. ⬤➡264.]

Appeal from Upshur County Court; W. H. McClelland, Judge.

Action by W. M. Rhone against Hardee Russell and another. From a judgment for plaintiff, defendants appeal. Affirmed.

M. D. Carlock, of Winnsboro, and J. S. Barnwell, of Gilmer, for appellants. Warren & Briggs, of Gilmer, for appellee.

HODGES, J. The appellee filed this suit against the appellants to recover the principal, interest, and attorney's fees due upon a note for $300. The appellants answered by a general denial and a plea in reconvention, claiming damages in the sum of $1,000 for a breach of warranty in the sale of certain timber.

The facts show that in November, 1904, J. W. Wall and the appellee sold the timber on about 15 different tracts of land to R. A. Penn, J. L. Penn, L. M. Gilbreath, and B. C. Cain, the consideration being $7,500, evidenc-

---

ed by a series of promissory notes due on different dates. The last of this series is the note sued on in this instance. Some time after this transaction the purchasers of the timber sold their interest in it to Hardee Russell and T. G. Carlock, the present appellants, the latter agreeing to pay the notes theretofore executed by their vendors. This sale was made with the consent of the owners and holders of the notes, and the agreement of the appellants to assume the payment was evidenced by the indorsement of their names on the backs of the notes. At the time this sale was made, and as an inducement to the appellants to enter into the contract of purchase, the appellee, Rhone, agreed to, and did, orally guarantee that there were 5,000,000 feet of merchantable pine timber on the several tracts of land embraced in the sale, and that the purchasers would get that amount of timber therefrom provided it was cut according to the contract and specifications set forth in the several conveyances of the timber to Wall and Rhone, and that if, when the timber was cut, it fell short of the 5,000,000 feet, the appellee bound himself to make the shortage good as to his half only. L. A. Penn, one of the original purchasers from Wall and the appellee, guaranteed the amount of the timber as to the half interest formerly owned by Wall. Relying upon this guaranty, the appellants assumed the payment of the notes to Wall and Rhone, and made the indorsements above referred to. The appellee, Rhone, afterward acquired the interest of Wall in the notes, and was the sole owner of the present note at the time it was sued on. Shortly after their purchase of the timber the appellants began cutting and removing it from the land, and continued until on or about the 18th of April, 1911, when they ceased, claiming that all the timber had been cut and that it was short of the 5,000,000 feet which they had been assured was there, and refused to pay the note sued on.

The case was submitted to the court without a jury, and a judgment rendered in favor of the appellee for the full amount of the note, together with interest and attorney's fees, and against the appellants on their plea in reconvention.

There are several assignments of error which question the sufficiency of the evidence to sustain the findings and conclusions of the court. It is also contended that the judgment for the attorney's fees is erroneous because there was a total absence of any evidence to support it. It appears from the record before us that, in order to secure the privilege of opening and closing, the appellant admitted the cause of action as stated in the plaintiff's original petition, except in so far as it might be defeated by their plea in reconvention. This admission carried

with it proof of all of the facts essential to support the recovery granted.

We have carefully examined the evidence, and conclude that it is sufficient to support the findings of fact made by the trial court upon which the judgment is predicated, and the judgment there rendered is affirmed.